UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                                                          CASE NO: 2:15-cr-42-FtM-38CM

TAVARES FELTON
_____/

**ORDER[1]**

This matter comes before the Court on Defendant Tavares Felton's Motion to Suppress (Doc. #24) filed on August 17, 2015. The Government filed a Response in Opposition (Doc. #36) on September 10, 2015. The Court held a hearing regarding this Motion on October 20, 2015. (Doc. #42). Defendant Tavares Felton was present at the hearing and represented by Manubir S. Arora and Douglas Molly. The Government was represented by Assistant United States Attorney Charles D. Schmitz. The matter is ripe for review.

**Background[2]**

On April 6, 2015, the Fort Myers Police Department ("FMPD") received a call from the Cape Coral Hospital regarding a patient who alleged she was kidnapped and beaten by her ex-boyfriend, Defendant Tavares Felton. The FMPD sent Detective Maalisa Langton, a member of the FMPD Violent Crimes Unit, to investigate the allegations.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

[2] This section is derived from Defendant's Proposed Findings of Fact. (Doc. #24 at 1-6).

When Detective Langton arrived, the patient provided a sworn statement describing how over a period of eight hours, Defendant repeatedly beat her and, at times, held her at gunpoint at his grandmother's residence. With this sworn statement, Detective Langton secured both an arrest warrant for Defendant and a search warrant for the residence. The search warrant sought any firearms, ammunition, cellular phones, blood, or additional weapons related to the alleged kidnapping and assault. Both warrants were executed shortly thereafter.

### Discussion

Defendant seeks to suppress any evidence found during the search on two grounds. First, "Detective Langton did not form probable cause to search [his grandmother's] house because she ignored easily verifiable information and because she failed to investigate both sides of the story." (Doc. #24 at 11-15). Second, "[the patient's] statement, made as a victim and uncorroborated by her injuries, was not sufficient to give the police probable cause to search [his] grandmother's house." (Doc. #24 at 7-11). The Court will address these arguments in turn.

A. *Defendant Failed to Make the Substantial Preliminary Showing Needed for a Franks Hearing*

Neither party disputes that a warrant governed the search in question. Rather, the issue is whether Detective Langton ignored contradicting evidence and failed to include that evidence in her affidavit supporting the warrant. Although Defendant argues this challenge does not fall within the gambit of *Franks v. Delaware*, 438 U.S. 154 (1978), the Court disagrees. That said, to secure an evidentiary hearing on this issue, Defendant was required to make the substantial preliminary showing explained in *Franks*. Defendant failed to do so.

2

Affidavits supporting search warrants are presumed to be valid. *Franks*, 438 U.S. at 171. Securing an evidentiary hearing to attack such an affidavit therefore requires the defendant to make a "substantial preliminary showing." *Id.* This substantial preliminary showing must establish "(1) the affiant deliberately or recklessly included false statements, or failed to include material information, in the affidavit" and "(2) the challenged statement or omission was essential to the finding of probable cause." *United States v. Arbolaez*, 450 F.3d 1283, 1293 (11th Cir. 2006) (citing *Franks*, 438 U.S. at 155-56). Importantly, "the [defendant's] attack must be more than conclusory and must be supported by more than a mere desire to cross-examine." *Franks*, 438 U.S. at 171. There must be offers of proof, such as "[a]ffidavits or sworn or otherwise reliable statements of witnesses," *Id.*, that support the allegations. And, the absence of such proof must be satisfactorily explained. *Id.*

Defendant argues Detective Langton failed to (1) include in the affidavit that the victim "provided two false addresses" during her interview and (2) interview five witnesses identified by Defendant and any neighbors before submitting the affidavit in support of the underlying search warrant. This argument is not persuasive. To begin, Defendant failed to provide a single offer of proof for the alleged five witnesses. There was not a single affidavit or other reliable statement submitted. Nor has Defendant explained the absence of such proof. In fact, Defendant failed to even allege what testimony these witnesses could provide that would negate probable cause. Moreover, assuming the victim did provide two erroneous addresses during her interview, neither of these addresses related to the alleged kidnapping and assault. Those addresses related to where she and Defendant previously resided. Most importantly, the victim provided Detective Langton

with the correct address where the alleged assault and kidnapping took place – 34 Castlebar Circle.

In all, the victim provided a sworn statement to Detective Langton describing in explicit detail what happened during the eight hours she was kidnapped and assaulted. Detective Langton obtained this statement at the hospital where the victim was being treated for her injuries. Those injuries were consistent with an assault. While the victim provided inconsistent and incorrect addresses as to where she and Defendant resided, the victim was able to provide the exact address where the alleged kidnapping and assault took place. Without a single offer of proof that would affect the probable cause established on these facts, Defendant has failed to make the substantial preliminary showing necessary for an evidentiary hearing. Defendant's *Franks* argument must therefore be denied.

  *B. Defendant Failed to Establish the Standing Necessary to Contest the Search*

"Dorothy may have said it best when she said, 'There is no place like home.'" *Moore v. Pederson*, --- F.3d ----, 2015 WL 5973304, *1 (11th Cir. Oct. 15, 2015) (citation omitted). Under the Fourth Amendment, people have the right to be secure in their homes against unreasonable searches and seizures. U.S. Const. amend. IV. But this "is a personal right that must be invoked by an individual." *Minnesota v. Carter*, 525 U.S. 83, 88 (1998) (citation omitted). To do so, the individual "must demonstrate that he personally has an expectation of privacy in the place searched, and that his expectation is reasonable." *Id.* at 84 (citation omitted). Defendant failed to make this showing.

In its brief and at the hearing, the Government raised the preliminary issue of standing. The Government contends Defendant failed to plead or otherwise acknowledge

4

any facts relating to his reasonable expectation of privacy at his grandmother's residence. (Doc. #36 at 10). While Defendant did not address standing in his Motion, he took issue with this argument at the hearing. Defendant averred the Government is trying to have it both ways. It wants to raise standing for the purposes of this Motion, but it also wants to argue at trial that Defendant was residing at his grandmother's residence, and the evidence found there belonged to him. The Court agrees with the Government and finds Defendant's argument unpersuasive.

To understand this issue, Defendant must first understand the respective burdens on each party at the various stages of this case. Indeed, the Government has the burden at trial to prove Defendant's guilt beyond a reasonable doubt. But at this stage, Defendant has "the burden to allege, and if the allegations are disputed, to prove, that his own Fourth Amendment rights were violated by the challenged search. . . ." *United States v. Jackson*, --- F. App'x ----, 2015 WL 3938341, *1 (11th Cir. June 29, 2015) (citing *United States v. Bachner*, 706 F.2d 1121, 1125 (11th Cir. 1983)). Despite shouldering the burden to *prove* his own Fourth Amendment rights were violated by the challenged search, Defendant declined to present any evidence when given the opportunity. Without a single piece of evidence presented illustrating Defendant had a reasonable expectation of privacy in his grandmother's residence, Defendant's Motion must be denied.

C. *There was Sufficient Probable Cause to Support the Warrant.*

Even if Defendant had established standing (which he failed to do), the Court finds there was sufficient probable cause to support the warrant. "Probable cause to support a search warrant exists when the totality of the circumstances allow a conclusion that there is a fair probability of finding contraband or evidence at a particular location." *United*

*States v. Martinelli*, 454 F.3d 1300, 1307 (11th Cir. 2006) (citation omitted). "A fair probability, in turn exists when the facts and circumstances would lead a reasonably prudent person to believe that the place to be searched contains contraband or evidence of a crime." *United States v. Lopez*, 649 F.3d 1222, 1245 (11th Cir. 2011) (citation omitted). "The connection between the objects to be seized and the premises to be searched can be established from the particular circumstances involved and need not rest on direct observations." *Id.* (citation omitted). Here, a review of the affidavit supporting the search warrant reveals there was probable cause to support the warrant.

The affidavit details how Detective Langton received a sworn statement directly from the victim when she was being treated for her injuries at the hospital. (Doc. #47-3 at 5). In that statement, the victim explicitly detailed how she was kidnapped and assaulted, and what items were used in the attack. (Doc. #47-3 at 5-6). The victim also provided the exact address where the attack occurred and where evidence related to the attack might be found. (Doc. #47-3 at 5-6). And Detective Langton found this testimony credible. *See Martinelli*, 454 F.3d at 1307 (noting a victim's testimony is viewed "with considerably less skepticism than information derived from an anonymous source") (citation omitted).

Beyond the sworn statement, Detective Langton detailed how she observed injuries on the victim that were consistent with an assault. (Doc. #47-3 at 6). These injuries included (1) a swollen/bruised/bloodshot left eye, (2) a bruised swollen upper lip, (3) small lacerations on her fingers and arms, and (4) a swollen left index finger. (Doc. #47-3 at 6). Together, these facts gave Detective Langton the probable cause needed to conclude there was a fair probability she would find evidence of the kidnapping and

assault at the address provided.  The Court agrees that these facts as outlined in the Affidavit support probable cause to issue a warrant.  So, even if the Court found Defendant had standing to contest the search (which it did not), Defendant's Motion would be denied.

Accordingly, it is now

**ORDERED:**

Defendant Tavares Felton's Motion to Suppress (Doc. #24) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this October 27, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  Counsel of Record