UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                                                                CASE NO: 2:15-cr-42-FtM-38CM

TAVARES FELTON

## **ORDER**[1]

This matter comes before the Court on Defendant Tavares Felton's Motion Pursuant to Title 28 U.S.C. 753(f) to Obtain Transcripts in Preparation of the Petitioner's Motion Pursuant to Title 28 U.S.C. Section 2255 to Vacate Convictions and Sentences Based Upon Ineffective [Assistance] of Counsel (Doc. #95) filed on December 9, 2016 and the Defendant Tavares Felton's Motion for Investigative Service (Doc. #96) filed on December 9, 2016.[2]

A habeas petitioner has a right to a free transcript under limited circumstances. This right is dependent upon: (1) whether the petitioner can establish that he is indigent; and (2) whether the transcript is needed to decide an issue presented by a pending and non-frivolous action. *See* 28 U.S.C. § 753(f). These requirements do not violate the

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

[2] Although the instant motions were filed in Felton's criminal case, he filed a 28 U.S.C. § 2255 motion in Case Number 2:16-cv-884-SPC-CM on December 9, 2016. The instant motions are directed towards Felton's § 2255 motion.

Constitution. *See United States v. MacCollum*, 426 U.S. 317 (1976) (a court's decision not to grant indigent federal prisoner the unconditional right to obtain trial transcript for § 2255 proceeding does not violate due process or equal protection).

Felton has not made the showing this Court requires before it will order the preparation of a transcript free of charge. He has not established that the transcripts are necessary to the prosecution of his 28 U.S.C. § 2255 motion. The Court has reviewed the § 2255 motion and supplemental motions in case number 2:16-cv-884-SPC-CM and the government's response in that case and notes that resolution of most of Petitioner's issues will not turn on the content of the transcripts. As to the remaining issues, if the Court concludes that the transcripts will be helpful in reviewing Petitioner's 28 U.S.C. § 2255 motion, the Court will order the necessary transcripts at that time.

The Criminal Justice Act ("CJA"), codified at 18 U.S.C. § 3006A, authorizes, in some circumstances, government funds for investigative services for indigent petitioners "seeking relief under section . . . 2255 of title 28." 18 U.S.C. § 3006A(a)(2), (e); *see* Guide to Judiciary Policy, Vol. 7, Pt. A, Ch. 3 ("CJA Guidelines") § 310.10.30(a)-(b) (2013). When a *pro se* movant requests government-funded investigative services under § 3006A(e), the CJA Guidelines require two threshold determinations: (1) that the movant is "eligible for representation" under the CJA; and (2) that the movant's case is "one in which the interests of justice would have required the furnishing of representation." CJA Guidelines § 310.10.30(a)-(b). Again, a review of Felton's 28 U.S.C. § 2255 motion does

not establish that the interests of justice require that an investigator be appointed at this time.[3]

Accordingly, it is now

**ORDERED:**

Tavares Felton's motion for transcripts (Doc. #95) and motion for investigative services (Doc. #96) are **DENIED** without prejudice to Felton re-filing the motions in his pending 28 U.S.C. § 2255 action (Case No. 2:15-cv-42-SPC-CM) should Felton conclude that he can make the requisite showings under 28 U.S.C. § 753(f) and 18 U.S.C. § 3006A.

**DONE AND ORDERED** at Fort Myers, Florida, this August 16, 2017.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record

---

[3] Petitioner does not explain why an investigator is required other than to assert that "[a]n investigator for counsel's [sic] who had interviewed the said witnesses in the petitioner 2255, motion who have provided exculpatory information." (Doc. 96 at 1).