UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 2:15-cr-42-FtM-38CM

TAVARES FELTON

## ORDER

This matter comes before the Court upon Defendant Tavares Felton's Motion for Return of Seized Property, filed on March 26, 2018. Docs. 107, 108. Defendant seeks the return of three cellular phones that were seized from him during his arrest on April 7, 2015. Doc. 108 at 1, 4-5. Pursuant to the Court's Order, the Government filed a response. Docs. 112, 113. The Government explains that two of the three phones belong to Defendant, who is currently attacking his judgment and sentence under 28 U.S.C. § 2255 in Case No. 2:16-cv-884-FtM-38CM. Doc. 113 at 2. If successful in his collateral attack, the evidence contained on the phones will be necessary if Defendant proceeded to trial. *Id.* The Government is copying the information from one of the phones that belong to Defendant, a smartphone, and will provide the data to him, but it cannot copy the data on the flip-style phones. *Id.* at 2-3. It therefore opposes returning the flip-style phones to Defendant prior to the final resolution of his § 2255 case and, if necessary, any subsequent criminal proceedings. *Id.*

> Under Rule 41(g) of the Federal Rules of Criminal Procedure:
>
> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The

motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

A defendant seeking the return of property must allege that "he had a possessory interest in the property seized." *United States v. Howell*, 425 F.3d 971, 974 (11th Cir. 2005). The Government may then rebut those "allegations with evidence that it has a legitimate reason to retain the property, that it does not possess the property, or that the property has been destroyed." *United States v. Melquiades*, 394 F. App'x 578, 580 (11th Cir. 2010) (internal quotations omitted). A legitimate reason to retain the property is a continued need for property as evidence. *United States v. Garcon*, 406 F. App'x 366, 370 (11th Cir. 2010). If a question of material fact arises, the court must receive evidence to resolve the motion. *Melquiades*, 394 F. App'x at 580F (quoting Fed. R. Crim. P. 41(g)).

"[C]ourts treat post-prosecution motions for return of property as civil actions in equity." *Id.* at 583. Therefore, once possessory interest is established, the court balances the equities in its discretion to resolve the motion. *Id.* at 580 (citing *United States v. De La Mata*, 535 F.3d 1267, 1279 (11th Cir. 2008). Under the equitable doctrine of unclean hands, the property owner must have clean hands to be entitled to return of the property under Rule 41(g). *Howell*, 425 F.3d at 974.

Here, the Government does not dispute the ownership of two of the cellular phones but states all the phones contain evidence relevant to Defendant's prosecution. Doc. 113 at 2. For purposes of Defendant's motion, the Court assumes

all three phones belong to Defendant, eliminating the need for any evidence as to ownership. Because the Government has a continuing need for the property as evidence until the resolution of Defendant's § 2255 case, it has a legitimate reason to retain the cellular phones.

ACCORDINGLY, it is

**ORDERED:**

Defendant Tavares Felton's Motion for Return of Seized Property is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 4th day of June, 2018.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of Record
*Pro Se* Defendant