UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                                             CASE NO.: 2:15-cr-42-SPC-KCD

TAVARES FELTON

_____

**ORDER**[1]

Before the Court is pro se Defendant Tavares Felton's Motion to Correct

Clerical Error in the Presentence Report and Plea Agreement and to Issue an

Amended PSR and Plea Agreement (Doc. 125), along with the Government's

opposition (Doc. 127).  For the below reasons, the Court denies the motion.

In April 2015, Defendant was indicted for possessing a firearm and

ammunition as a convicted felon, along with three drug offenses.  (Doc. 3).  The

Court later accepted his guilty plea to the firearm offense.  (Doc. 71; Doc. 72;

Doc. 74; Doc. 121).  The Court then sentenced Defendant to 188 months'

imprisonment and dismissed the drug offenses.  (Doc. 80; Doc. 81).  Defendant

spent the next few years litigating relief under 28 U.S.C. § 2255.  (Doc. 123).

About one month after the Court resolved the § 2255 matter, Defendant

filed this motion under Federal Rule of Criminal Procedure 36 asking the Court

---

[1] Disclaimer:  Papers hyperlinked to CM/ECF may be subject to PACER fees.  By using
hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties
or their services or products, nor does it have any agreements with them.  The Court is not
responsible for a hyperlink's functionality, and a failed hyperlink does not affect this Order.

to correct clerical errors with his Presentence Investigative Report ("PSR") (Doc. 77) and Plea Agreement (Doc. 71). The so-called clerical errors all resolve around a 2015 domestic dispute where Defendant's former girlfriend reported—and then later recanted—that he kidnapped and beat her and brandished a firearm before her. The domestic dispute fuels Defendant's three "issues" supporting his motion.

First, Defendant wants the Court to delete paragraphs 13-15 in the PSR that discuss the domestic dispute because the former girlfriend withdrew her complaint against him. (Doc. 125 at 7, 10). Second, he asks the Court to direct the Government to draft a new plea agreement that excludes information about the domestic dispute because it knew she withdrew her complaint against him. (Doc. 71 at 13-14; Doc. 125 at 3). Third, because the domestic dispute are incorrectly included in the PSR and Plea Agreement, Defendant wants the Court to tell the Bureau of Prison ("BOP") to classify him at a lower severity level so he can be eligible for better housing. (Doc. 125 at 4, 9).

Rule 36 governs clerical errors. It lets a court "at any time correct a clerical error in judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. "It is clear in this Circuit that Rule 36 may not be used to make a substantive alteration to a criminal sentence." *United States v. Davis*, 841 F.3d 1253, 1261

(11th Cir. 2016) (quoting *United States v. Portillo*, 363 F.3d 1161, 1164 (11th Cir. 2004)).

Defendant's motion alleges errors far from clerical. To start, motivating his request is not any oversight or omission in the record, but a desire for a lower BOP security status. What's more, there's no minor mistake or scrivener's error in the PSR or Plea Agreement that requires correction.

At sentencing, neither Defendant nor his attorneys objected to the facts in the PSR—including the domestic dispute in paragraphs 13-15. (Doc. 99 at 3:7-4:6). Neither did so even knowing the former girlfriend had withdrawn her story. So Defendant's request to delete substantive facts in the PSR comes years too late.

Defendant also shows no clerical error with the ratified plea agreement. At Defendant's change of plea hearing, he confirmed—under oath—that he had read each page of the agreement, understand it, knew he was bound by its terms, and had no questions. (Doc. 121 at 18-19, 23). The Government also proffered how the former girlfriend reported to police officers that Defendant brandished a firearm during their domestic dispute and how her statement ultimately led law enforcement to the drugs, firearms, and ammunition. (Doc. 121 at 24:12-26:9). Defendant then confirmed he did not object to the Government's facts, that what the Government said happened, and that he agreed with the factual basis proffered. (Doc. 121 at 27:20-28:9). Defendant

3

also signed and initialed each page of the plea agreement.  Having twice confirmed under oath the factual basis of his offense and having made no objection, Defendant cannot now use Rule 36 to argue clerical errors to get a new plea agreement.

Finally, this Court lacks the authority to order the BOP to adjust his security score.  The BOP, not federal judges, decides an inmate's security level based on their own internal factors.  18 U.S.C. § 4001(b)(2) ("The Attorney General may . . . classify the inmates; and provide for their proper government, discipline, treatment, care, rehabilitation, and reformation."); 18 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment" and "security designation").  The Court thus cannot direct the BOP to adjust Defendant's score.

Accordingly, it is

**ORDERED:**

1. Pro se Defendant Tavares Felton's Motion to Correct Clerical Error in the Presentence Report and Plea Agreement and to Issue an Amended PSR and Plea Agreement (Doc. 125) is **DENIED**.

2. Defendant's Motion for Status Report or Hearing (Doc. 134) is **DENIED as moot**.

5

**DONE AND ORDERED** in Fort Myers, Florida on October 27, 2022.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:      Counsel of Record
             Defendant

5