UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.  CASE NO.: 2:15-cr-42-SPC-KCD

TAVARES FELTON

## ORDER[1]

Before the Court is pro se Defendant Tavares Felton's Motion for a judicial recommendation to the Bureau of Prisons ("BOP") for a "vocational trade transfer" (Doc. 138), along with the Government's response in opposition (Doc. 140). For the below reasons, the Court denies the motion.

In April 2016, the Court sentenced Defendant to 188 months' imprisonment for possessing a firearm and ammunition as a convicted felon. (Doc. 80). His projected release date is January 11, 2029. Since being incarcerated, the BOP has reduced Defendant's risk-level assessment from high to medium.

Defendant now asks the Court to make a recommendation to the BOP to transfer him to another facility (i.e., FCI Jessup or Mariana) where he has

---

[1] Disclaimer: Papers hyperlinked to CM/ECF may be subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or their services or products, nor does it have any agreements with them. The Court is not responsible for a hyperlink's functionality, and a failed hyperlink does not affect this Order.

access to more vocational programs. According to Defendant, he needs the training because he will have no home to return to after prison and has a limited work history. Although his current facility offers culinary training, Defendant says the plumbing, HVAC, and electrician programs at the other institutes will better prepare him to transition into society.

Under federal law, only the BOP designates the place of a prisoner's imprisonment. *See* 18 U.S.C. § 3621(b); *United States v. Sonny Austin Ramedo*, 705 F. App'x 839, 840-41 (11th Cir. 2017) ("the BOP is afforded wide discretion in classifying and housing prisoners" (citations omitted)). Although the BOP may consider the sentencing court's recommendation on a type of correctional facility, it has "no binding effect" on the agency's authority to set or change a prisoner's place of incarceration. 18 U.S.C. § 3621(b). What's more, a court cannot review where the BOP sends a prisoner. *Id.*

Here, the Court considered many facts when sentencing Defendant, including his family and work history, and it recommended the BOP incarcerate him close to home and offer him drug/alcohol programs. (Doc. 80 at 2). Although the Court commends Defendant for being incident-free for thirty months, such positive behavior is expected. Defendant still has years left on his sentence to earn another risk assessment level reduction and possibly show the BOP why he is a strong candidate for vocational training at

another facility. At bottom, where Defendant is incarcerated is within the BOP's discretion, and the Court declines to intervene with that matter.

Accordingly, it is

**ORDERED:**

Defendant Tavares Felton's Motion (Doc. 138) is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida on February 14, 2023.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:   Counsel of Record
          Defendant